IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CRYSTAL MAYBERRY,

    Plaintiff,                          No. CIV S-06-0164 CMK

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.                        ORDER

_____/

        Plaintiff, Crystal Mayberry, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g) and Local Rule 72-302. The parties have filed cross motions for summary judgment. As both parties have consented to magistrate jurisdiction (docs. 8 & 10), the motions are before the undersigned for decision.

I. <u>Background</u>

        Plaintiff applied for supplemental security income SSI on September 10, 2002 alleging inability to work since March 1987 due to intervertebral disc disease affecting her neck, shoulder, arms, and head, numbness and lack of feeling in her hands, and damaged stomach lining. (Tr. 77.)

1          Plaintiff's application was denied initially and upon reconsideration.  A hearing
2   was held before an administrative law judge Daniel G. Heely on May 20, 2005, at which plaintiff
3   was represented by an attorney and testified on her own behalf.  (Tr. 386.)   A Vocational Expert
4   (VE) testified at the hearing.
5          Plaintiff was thirty-two at the time of the administrative hearing. (Tr. 387.)  She
6   has a high school education. (Tr. 387.)  Plaintiff testified that she lived with her husband, who is
7   on disability, and her two teenage boys. (Tr. 388.)  Plaintiff stated that she drives an automatic
8   car approximately two or three times a week for doctor appointments or to the little grocery store
9   in her town. (Tr. 388-389.)  Plaintiff last worked twenty five years ago; when she was fourteen
10  she tried to go to work after her car accident.  (Tr. 389.)
11         Plaintiff does not work now due to her health problems.  (Tr. 390.)  She has
12  headaches, for which she has had surgery.  (Tr. 390.)  She has problems keeping food down, and
13  due to stomach problems does not take regular pain medications.  (Tr. 390.)  Plaintiff testified
14  that she cannot take prescription medications.  (Tr. 395.)  She has a problem with her sciatic
15  nerve in her right leg, and uses a TENS unit every day.  (Tr. 390.)  She tried cortisone shots, but
16  they did not work, so she stopped them.  (Tr. 396.)  She has attempted to find a pain management
17  clinic, but has been denied treatment due to her insurance.  (Tr. 396.)  Plaintiff regularly visited
18  her treating physician, Mark Faryan, D.O. (Tr. 391.)
19         On a regular day, plaintiff gets up with her sons around 8:00 a.m. (Tr. 391.)  The
20  boys are home schooled by a teacher that comes to the house, and plaintiff checks over the boys
21  homework. (Tr. 392, 391.)  The rest of the time, plaintiff lies on the couch or sits in a chair.  (Tr.
22  391.)  She has lunch and typically goes to bed for a few hours after that. (Tr. 391.)  She does a
23  little microwaving, and her boys do most of the other cleaning.  (Tr. 392.)  She attends family
24  gatherings and used to love to fly fish, but no longer does that. (Tr. 392.)  Plaintiff watches a lot
25  of television. (Tr. 393.)  She shops for groceries once a month. (Tr. 393.)  At the time of the
26  hearing, she had recently gone on a trip to Yosemite, where she stayed in a trailer which was

pulled behind the family truck. (Tr. 394.) While at Yosemite, she took bus rides around the park because she cannot do a lot of walking. (Tr. 394.)

Plaintiff submitted medical records in support of her SSI claim.

In his June 23, 2005 decision, the ALJ applied the five-step sequential evaluation and made the following findings. See 20 C.F.R. § 416.920(a)(4) (2006). At step one, the ALJ found that plaintiff had not engaged in gainful activity since her alleged onset date. (Tr. 21, 26.) At step two, the ALJ found that plaintiff had the following severe impairments: cervical strain, and s/p (status post) right rotator cuff surgery. (Tr. 21, 26.) At step three, the ALJ found that these impairments did not meet or equal the criteria for any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (2006) (Listing). (Tr. 21, 26.)

The ALJ found that plaintiff had the residual functional capacity (RFC) to perform noncomplex light work[1]; specifically she could lift and carry twenty pounds occasionally, including overhead lifting, and ten pounds frequently; sit, stand, and walk for six hours in an eight hour day; and perform postural activities occasionally. (Tr. 24, 26.) At step four, the ALJ found that plaintiff had no past relevant work. (Tr. 25-26.) At step five, the ALJ found that plaintiff could perform other work identified by the VE. (Tr. 26-27.)

Based on these findings, the ALJ concluded that plaintiff was not disabled. Additional medical evidence was submitted to the Appeals Council after the ALJ issued his decision. (Tr. 347-383.) The Appeals Council reviewed the evidence and concluded that it did not establish greater work restrictions. (Tr. 7.) The decision of the ALJ became final when the Appeals Council denied plaintiff's request for a review on November 23, 2005. The plaintiff filed a timely appeal in this court.

///

///

---

[1] Light work is defined in 20 C.F.R. § 416.967(b).

II. Standard of Review

This court's review is limited to whether the Commissioner's decision to deny benefits to plaintiff is based on proper legal standards under 42 U.S.C. § 405(g) and supported by substantial evidence on the record as a whole. See Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)). Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance, Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorensen v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)). "It means such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)). The court must consider both evidence that supports and evidence that detracts from the Commissioner's decision, but the denial of benefits shall not be overturned even if there is enough evidence in the record to support a contrary decision. See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985). If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence. See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.   Discussion

In her motion for summary judgment, plaintiff argues that the ALJ erred by failing to credit plaintiff's subjective complaints, failing to consider the findings of plaintiff's treating physicians, and by failing to consider a combination of plaintiff's ailments.

///
///
///
///

A.     Plaintiff's Subjective Complaints

"Where objective medical findings establish the existence of medical impairment, but a claimant testifies that [she] experiences pain at a higher level, the [ALJ] is free to disbelieve that testimony. The [ALJ] must, however, make a specific and justifiable finding that the claimant's testimony is not credible." Magallanes v. Bowen, 881 F.2d 747, 755 (9th Cir.1989).  The fact that a claimant's testimony is not fully corroborated by the objective medical findings, in and of itself, is not a clear and convincing reason for rejecting it. See Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1966).

Here, the ALJ discounted plaintiff's pain testimony for the following reasons: she told Dr. McIntire that she was able to perform household chores; she testified that she home schools her two sons; she testified that she recently traveled to Yosemite in a trailer; she testified that she was able to drive; and she testified that she was not taking any prescribed pain medication. (Tr. 24.)

The ALJ made a specific finding that plaintiff's testimony was not credible; however, his finding was not justifiable.  A review of the record reveals that plaintiff did not testify that she home schooled her children.  Instead, she testified that she "just makes sure that they get the work done, and if they need help, me and there father is there to help them so..." (Tr. 392.)  A teacher comes in and "checks [the children's] work and takes their work."  (Tr. 392.)  Plaintiff  stated that the extent of her housework was doing a "little microwaving, maybe my own little dishes here and there, but my boys do my sweeping and vacuuming and the dusting...."  (Tr. 392.)  Plaintiff testified that she was able to drive limited distances; approximately two or three times a week for short trips to the doctor or the small grocery store in her town.  (Tr. 388.)  Although plaintiff had recently made a trip to Yosemite with her family, she testified that she was only able to go on bus rides with her in-laws. (Tr. 393.)  Plaintiff testified that the reason that she did not take pain medication was because she could not take prescription medications due to stomach problems.  (Tr. 395, 390.)

5

The limited driving, occasional micorwaving, monitoring that her children completed their lessons and family trips to which plaintiff testified did not consume a substantial part of plaintiff's day.  See Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999) (stating this court has held that if a claimant "is able to spend a substantial part of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations.") Indeed, plaintiff's constant quest for medical treatment and pain relief refutes the ALJ's findings.  For example, plaintiff testified that although she could not take pain medications, she had attempted go to a pain management clinic, but had been denied access due to her insurance.  (Tr. 396.)  Additionally, her medical records reflect that plaintiff has received treatment for several years for headaches, neck pain, anxiety, and depression, including regular referrals to medical doctors, surgeons and physical therapists.  (Tr. 105, 202, 199, 315-317, 109, 345.)

The ALJ's findings that plaintiff's testimony was not credible is not supported by substantial evidence on the record as a whole.  See Copeland, 861 F.2d at 538.  In sum, the court finds that the ALJ erred by discrediting plaintiff's allegations of pain.  This matter should be remanded so that the ALJ may make further findings regarding plaintiff's allegations of limitation.

B.     Treating Physician's Opinion

Plaintiff's next argument is that the ALJ failed to accord the proper weight to the opinion of treating physician, Dr. Faryan.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1995). Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual. See id.; Smolen, 80 F.3d at 1285.

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and convincing" reasons. See Lester, 81 F.3d at 831. In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons that are supported by substantial evidence. See id. at 830. While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir.1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989)). In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings. See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir .1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. See Lester, 81 F.3d at 831.

Here, treating physician Dr. Faryan's opinion of the severity of plaintiff's impairment contradicts consulting orthopedist Dr. McIntyre's opinion.  The ALJ found that Dr. McIntyre's opinions of plaintiff's functional limitations were well explained, supported by objective evidence, and based on an actual examination of the client.  (Tr. 23.)  The ALJ afforded less weight to the opinion of Dr. Faryan because Dr. Faryan's more limited assessment of plaintiff's abilities was based on plaintiff's subjective complaints and not supported by objective medical findings.  (Tr. 23.)  As discussed above, the ALJ's assessment of plaintiff's subjective complaint was not supported by substantial evidence in the record.  Therefore, his rejection of Dr. Faryan's opinion, which was based in part on the doctor's assessment being based on plaintiff's subjective complaints, is not supported by substantial evidence.  It is appropriate to remand this issue for the ALJ to re-evaluate the medical evidence after properly

considering plaintiff's subjective statements of limitation.

### C.  Combination of Impairments

Finally, plaintiff argues that the ALJ erred at step two by failing to consider all of plaintiff's impairments in the severity analysis. The inquiry at step-two of the disability evaluation process, whether the claimant has a medically severe impairment, is a de minimis screening device to dispose of groundless claims. See Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) citing Bowen v. Yuckert, 482 U.S. at 153-54, 107 S.Ct. at 2297-98. "An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." See SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988)(adopting SSR 85-28)."

Plaintiff's treating physicians, Drs. Kaiser, Nerz, and Faryan have each noted that plaintiff suffers from anxiety and depression and treated with panic disorder class, Elavil, and Ambien. (Tr. 133-194, 296-298, 354, 366.) The ALJ failed to mention this diagnosis in his decision. However, plaintiff did not allege any mental impairment at the hearing before the ALJ and she failed to specifically point out to the ALJ any diagnosis of mental impairment. The court finds that the notes of plaintiff's treating physicians are not enough to satisfy her burden of producing evidence of mental impairment. See 20 C.F.R. § 416.908, Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005). Accordingly, the court finds that the ALJ did not err by not considering plaintiff's mental impairments at step two.

///
///
///
///
///
///
///

IV.     Conclusion

       For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and further findings addressing the deficiencies noted above.

       Accordingly, IT IS HEREBY ORDERED that:

       1. Plaintiff's motion for summary judgment is denied;

       2. The Commissioner's cross motion for summary judgment is denied; and

       3. This matter is remanded for further proceedings consistent with this order.

DATED: February 6, 2007.

                                                **CRAIG M. KELLISON**
                                                UNITED STATES MAGISTRATE JUDGE